# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

_____JAMES JOSEPH BALL_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-30263

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is arrested on a federal arrest warrant that emanates from the Middle District of Florida based upon an indictment. Defendant is charged in a six count indictment in that district with Mailing Threatening Communications and Treats Against the President of the United States on August 27, 2010. Specifically it is alleged that defendant made the following threats against the President of the United States: 1) "It is my duty to destroy you. And I will." 2) Defendant sent a letter through the United States mails addressed to President Obama at the White House at 1600 Pennsylvania Avenue, N.W., Washington, D.C., containing the CONTINUE ON PAGE 2.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____May 17, 2011_____   _____s/ Mona K. Majzoub_____
Date                             Signature of Judge

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

11-30263 USA V JAMES JOSEPH BALL                                         PAGE 2

statement "I must kill the President before our country goes down the tubes. You can't catch me and when I do it my duty is done. I have a plan." 3) Defendant sent a letter to the FBI, 5525 Gray Street, Tampa, FL, 33606 threatening to injure President Obama, which letter also contained green pellets; 4) Defendant in a letter to President Obama stated "President Obama must die. And it's my duty to do it!!!"; 5) Defendant sent a letter by the United States mails to the Attorney General, 1301 6th Avenue W. Bradenton, Florida, containing language threatening to kill or injure President Obama.

Defendant is a 60 year old male with minimal contacts within this District. He has lived in Bradenton, Florida from 2009 - January, 2011, and at an address in Sarasota, Florida from 2004 - 2009. He moved from Florida to Port Huron, MI in February 2011. He lived transiently at two addresses in Port Huron before he rented a room in a boarding house in April, 2011, where he currently resides. He has a brother who lives in Port Huron but they do not live together. He gave his brother as a reference, but his brother was not present in court either at the time of his initial appearance or at his detention hearing. Furthermore, Pretrial Services reported that they were unable to contact the brother in order to verify his information.

Defendant is unemployed and his verbal employment history as reported to Pretrial Services is inconsistent with his other statements and remains unverified. He stated that he was employed from 1973 - 2010 with Berry Corporation as a Material Handler and Inventory Control Specialist here in Detroit, while at the same time reporting earlier that he lived in Florida from 2004 - 2011.

Defendant has no assets and his only source of income is Social Security Disability ($861 per month). His only financial liability is a $250 monthly rental payment for the room he has rented in Port Huron as of April, 2011 (one month ago). He owes approximately $15,000 in unpaid medical bills. Apparently defendant underwent a cervical laminectomy on March 25, 2009 and claims to be still taking pain medication in the form of Percocet/Diazapam daily.

Although Defendant reports no history of mental health illness or substance abuse, Defendant's criminal history, as well as the nature of the current charges, suggest otherwise.

He currently has an active pending bench warrant out of the 72nd District, Port Huron, MI for failing to appear at a show cause hearing for driving under the influence of alcohol (8/15/2007).

He has a litany of other Eastern District of Michigan contacts and convictions, all enumerated in the Pretrial Services Report, for felony burglary, stolen property, larceny, damage to property, dangerous drugs (1976), dangerous drugs (1977), felony dangerous drugs (1980), possession of marijuana (1987), Attempted Felony Breaking and Entering Occupied Dwelling with Intent and Habitual Offender (1987), Felony License Documents/Plates Forgery, Misdemeanor Operating Under the Influence of Alcohol, Felony Habitual Offender (1995), Misdemeanor Assault/Assault and Battery, Misdemeanor Domestic Violence (1998), Misdemeanor Domestic Violence (2000). Defendant has been incarcerated for most of these offenses and has at least three Felony Habitual Offender status designations on his record.

11-30263 USA V JAMES JOSEPH BALL                                              PAGE 2

Critically absent from the defendant's reported criminal history in the Pretrial Services report are all of his criminal contacts and activities from the time Defendant moved to Florida in 2002 to the present. By his own statement he returned to Michigan in February, 2011, when the Secret Service caught up with him and met with him and suggested that he turn himself into authorities.

Defendant argues that a bond with third party custody either to his brother or his landlady of 4 weeks with a tether would be appropriate. The Court finds that his landlady would not be an appropriate third party custodian, the there is nothing to suggest that his brother would be an appropriate third party custodian. A tether would not assure Defendant's appearance in court under the circumstances, nor would it protect the community from danger.

Defendant is a felony habitual offender with no employment, no substantial contacts within the district, he is living here transiently, and has a long and involved criminal history. He claims that he has no history of substance abuse, but his criminal record reveals otherwise. He has an outstanding warrant for his arrest for failure to appear at a show cause hearing in Port Huron for an arrest for driving under the influence of alcohol. The majority of his criminal convictions, beginning in 1967, involve drugs, violence and larceny, and alcohol.

Defendant poses a risk of flight based upon a preponderance of the evidence including the outstanding warrant for failure to appear, his transient status, his lack of employment and lack of significant community ties, and the fact that most of his background information was unverfiable.

Defendant poses a danger to the community based upon clear and convincing evidence, given his history of violence, assault and battery, drug involvement, alcohol involvement, crimes against property, and the nature of the allegations pled in the instant indictment, in which he threatens to kill and injure the President of the United States.

There is no condition or combination of conditions that would reasonably assure the safety of the community or assure the defendant's appearance in court. Therefore Detention is Ordered.